# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Mark A. Schittler<br>Christine G. Schittler<br>    Debtors | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>    Movant<br>vs. | NO. 15-18613 REF |
| Mark A. Schittler<br>Christine G. Schittler<br>    Debtors | 11 U.S.C. Section 362 |
| Frederick L. Reigle Esq.<br>    Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is $2778.45, which breaks down as follows:

Post-Petition Payments:  October 2016 through February 2017 at $555.69
**Total Post-Petition Arrears**  **$2,778.45**

2. The Debtors shall cure said arrearages in the following manner;

 a). Beginning March 2017 and continuing through August 2017, until the arrearages are cured, Debtors shall pay the present regular monthly payment of $559.69 on the loan (or as adjusted pursuant to the terms of the loan) on or before the seventeenth (17th) day of each month, plus an installment payment of $463.08 towards the arrearages on or before the last day of each month at the address below;

Toyota Motor Credit Corporation
P.O. BOX 9490
Cedar Rapids, Iowa 52409-9490

 b). Maintenance of current monthly loan payments to the Movant thereafter.

3. Should debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.  In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtors and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.  The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.  If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.  The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan and applicable law.

9.  The parties agree that a facsimile signature shall be considered an original signature.

Date: February 10, 2017           /s/ Thomas I. Puleo, Esquire
                                  Thomas I. Puleo, Esquire
                                  Attorneys for Movant
                                  KML Law Group, P.C.
                                  Main Number: (215) 627-1322

Date:_____              _____
                                  Joseph T. Bambrick, Jr., Esq.
                                  Attorney for Debtor

Date: 3/10/17                     _____
                                  Frederick L. Reigle, Esquire
                                  Chapter 13 Trustee

Approved by the Court this ___ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

                                  _____
                                  Bankruptcy Judge
                                  Richard E. Fehling

# STIPULATION CONSENT FORM

I, Mark Schittler, understand and agree to the terms and conditions of the stipulation agreement in settlement drafted by KML Law Group, P.C. on behalf of Toyota Motor Credit Corporation.

Dated: 2/17/17                          _____
                                         Mark Schittler

I, Christine Schittler, understand and agree to the terms and conditions of the stipulation agreement in settlement drafted by KML Law Group, P.C. on behalf of Toyota Motor Credit Corporation.

Dated: 2/17/17                          _____
                                         Christine Schittler